```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

---------------------------------X
FREDDIE GONZALEZ,                :
                                 :
        Petitioner               :
                                 :
            v.                   :    NO. 3:08CV305 (EBB)
                                 :    NO. 3:06CR18 (EBB)
UNITED STATES OF AMERICA,        :
                                 :
        Respondents.             :
                                 :
---------------------------------X

<u>AMENDED RULING ON MOTION PURSUANT TO 28 U.S.C. § 2255 TO VACATE,
       SET ASIDE OR CORRECT CONVICTION AND SENTENCE</u>

Petitioner Freddie Gonzalez moves, pro se, pursuant to 28 U.S.C. § 2255, for the court to vacate, set aside or correct his conviction and sentence. The petitioner seeks relief on three grounds: first, he claims that the law under which he was sentenced is unconstitutional because of the disparity between sentences imposed for offenses involving crack cocaine and sentences imposed for offenses involving equivalent quantities of powder cocaine; second, he claims that his defense counsel was ineffective in failing to appeal his conviction and sentence; and third, he claims that defense counsel was ineffective in failing to challenge the evidence presented by the government at the sentencing hearing.

On October 10, 2006, the petitioner pleaded guilty to Count Twelve of the indictment, charging him with unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and Count Thirteen of the indictment,

1

charging him with possession with the intent to distribute and distribution of five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). In his plea agreement, the petitioner waived his right to appeal or to collaterally attack his conviction and sentence so long as the sentence imposed by the court did not exceed 293 months. On February 9, 2007, the court sentenced the petitioner to 120 months imprisonment, followed by 3 years supervised release, on Count Twelve and to 235 months imprisonment, followed by 4 years supervised release, on Count Thirteen, with the sentences to run concurrently. The sentence imposed therefore did not exceed 293 months, thus making effective the petitioner's waiver of direct appeal and collateral attack.

On July 18, 2008, the court granted the petitioner's motion to reduce his sentence pursuant to the retroactive application of the recent amendments to the United States Sentencing Guidelines with respect to crack cocaine. Accordingly, the petitioner's judgment was amended to reflect that he is to be imprisoned for 188 months on Count 13 and for 120 months on Count 12, with the sentences to run concurrently.

The court first addresses the petitioner's claim that counsel was ineffective in failing to file a direct appeal of his conviction and sentence. This claim falls squarely within the rule established by the Second Circuit in Campusano v. United States,

442 F.3d 770 (2d Cir. 2006). In that case, the court considered the question of whether an attorney who disregards a client's instruction to file a direct appeal is constitutionally ineffective if the client had waived the right to appeal in a plea agreement. The court held that "even after a waiver, a lawyer who believes the requested appeal would be frivolous is bound to file the notice of appeal." Id. Failure to do so deprives a defendant of his or her Sixth Amendment right to effective assistance of counsel, regardless of the merit - or lack thereof - of any issue that could have been raised on appeal. Id. at 773 (citing Roe v. Flores-Ortega, 528 U.S. 470 (2000) and Strickland v. Washington, 466 U.S. 668 (1984)) (holding that a lawyer's failure to follow a client's request to file a notice of appeal is "professionally unreasonable" and that "prejudice will be presumed" if, as a result, the client forfeits the right to appeal).

The government has not addressed the petitioner's reference to Campusano. The government instead argues that the petitioner's asserted basis for wishing to file an appeal would likely be rejected, especially given that he waived his right to take a direct appeal. (Gov.'s Response at 9-10.) This argument was rejected in Campusano, which held that a district court, while ruling on a § 2255 motion alleging that counsel had disregarded instructions to file a direct appeal, must not consider the merits of the appeal that the petitioner would have brought were it not

3

for the counsel's failure to file the appeal.  Id. at 773.  The Campusano court reasoned that "although waivers of appeal are enforceable in all but a few situations, important constitutional rights require some exceptions to the presumptive enforceability of a waiver."  Id. at 774 (quoting United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000)) (noting that, for example, a waiver is not enforceable if it was not made knowingly, intelligently and voluntarily, if the sentence was based on impermissible factors, if the government violated a plea agreement, or if the sentencing court failed to provide a rationale for the sentence imposed).  The rule laid out in Campusano is intended to safeguard these "constitutional exceptions" which, the court reasoned, are "endangered" when counsel disregards a client's request to file an appeal.  Id. at 775.

The Campusano court recognized that, in many cases in which a defendant has waived the right to appeal, an attorney will likely determine that any attempted appeal would be meritless or even frivolous.  Id. at 774.  The court held, however, that this determination by counsel does not excuse counsel's duty to file a notice of appeal at the request of the client.  If counsel subsequently determines that an appeal would be frivolous, counsel must then file a brief pursuant to Anders v. California, 386 U.S. 738 (1967).  In this brief, counsel must "request[] withdrawal and "refer[] to anything in the record that might arguably support the

appeal." Campusano, 442 F.3d at 775 (quoting Anders, 386 U.S. at 744). The Court of Appeals

> then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal . . . On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

Id. (quoting Anders, 386 U.S. at 744, and citing Gomez-Perez, 215 F.3d 315 at 320).

The court in Campusano set forth a procedure to be followed when a petitioner claims, by way of a § 2255 motion, that counsel was ineffective in failing to file a notice of appeal. Id. at 776. First, the court must determine, as a factual matter, "whether the client requested the appeal." Id. Second, either party may take an appeal from the court's ruling on this issue. Id. Third, if the court finds that the petitioner's lawyer did in fact disregard an instruction by the petitioner to bring a direct appeal, the petitioner will be given an opportunity to timely file a notice of appeal of his conviction and sentence. Id.

In this case, there does not appear to be a dispute about the facts. The petitioner states in a sworn affidavit that he instructed his attorney to file a notice of appeal. (Pet'r's Mot. (Doc. No. 1) at 6.) The petitioner has also submitted a letter, dated May 7, 2007, written to him by his lawyer in which the lawyer apologizes for failing to respond to the petitioner's inquiry at an

5

earlier time. (Pet'r's Mem. in Supp. (Doc. No. 3), Ex B.) In the letter, the lawyer explains to his client that "[t]he period to appeal was 10 days after sentencing and I didn't file an appeal because it was my opinion that we didn't have an issue." (Id.) The letter is therefore consistent with the petitioner's allegations. The government does not dispute the petitioner's factual assertions regarding his request that his lawyer file a direct appeal, and the government has not offered any evidence of its own relating to this matter. It is therefore appropriate to treat these allegations as having been established and to provide the petitioner with the relief to which he is entitled under Campusano. See Betts v. United States, No. 5:05-CV-1434, 2008 WL 2169687 at *2-3 (N.D.N.Y. May 22, 2008) (granting relief under Campusano where the government had failed to respond to the petitioner's allegation, under oath, that his lawyer had not complied with his instruction to file a notice of appeal); see also Mena v. United States, No. 04 Civ. 6523, 2004 WL 2734454 at *3-4 (S.D.N.Y. Nov. 30, 2004). A new judgment against the petitioner imposing the same sentence as the original judgment will therefore be entered in the petitioner's criminal case so that he may timely appeal. See United States v. Fuller, 332 F.3d 60, 64 (2d Cir. 2003); Hazoury v. United States, No. 07-CV-923, 2008 WL 691699 at *3-4 (D. Conn. Mar. 12, 2008) (granting relief under Campusano and noting that the court may either re-sentence the defendant or re-

earlier time. (Pet'r's Mem. in Supp. (Doc. No. 3), Ex B.) In the letter, the lawyer explains to his client that "[t]he period to appeal was 10 days after sentencing and I didn't file an appeal because it was my opinion that we didn't have an issue." (Id.) The letter is therefore consistent with the petitioner's allegations. The government does not dispute the petitioner's factual assertions regarding his request that his lawyer file a direct appeal, and the government has not offered any evidence of its own relating to this matter. It is therefore appropriate to treat these allegations as having been established and to provide the petitioner with the relief to which he is entitled under Campusano. See Betts v. United States, No. 5:05-CV-1434, 2008 WL 2169687 at *2-3 (N.D.N.Y. May 22, 2008) (granting relief under Campusano where the government had failed to respond to the petitioner's allegation, under oath, that his lawyer had not complied with his instruction to file a notice of appeal); see also Mena v. United States, No. 04 Civ. 6523, 2004 WL 2734454 at *3-4 (S.D.N.Y. Nov. 30, 2004). A new judgment against the petitioner imposing the same sentence as the original judgment will therefore be entered in the petitioner's criminal case so that he may timely appeal. See United States v. Fuller, 332 F.3d 60, 64 (2d Cir. 2003); Hazoury v. United States, No. 07-CV-923, 2008 WL 691699 at *3-4 (D. Conn. Mar. 12, 2008) (granting relief under Campusano and noting that the court may either re-sentence the defendant or re-

enter judgment). The petitioner will have ten days from the date of entry of the new judgment in which to file a notice of appeal. See Fed. R. App. P. 4(b).

The court does not address the remaining claims raised by the petitioner in his § 2255 motion. It would not be proper to address these claims until the conclusion of any direct appeal filed by the petitioner following this ruling. See United States v. Gordon, 634 F.2d 638, 638-39 (1st Cir. 1980) (citations omitted) (holding "that in the absence of 'extraordinary circumstances,' the 'orderly administration of criminal justice' precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending"); United States v. Cook, 997 F.2d 1312, 1319 (10th Cir. 1993); see also Rule Governing § 2255 Proceedings 5 advisory committee's note (noting that a § 2255 motion "is inappropriate if the movant is simultaneously appealing the decision"). The court therefore denies the petitioners remaining claims without prejudice to his bringing them in a later § 2255 motion.[1]

---

[1] The court notes that the instant motion should not affect the petitioner's ability to file a § 2255 motion after the conclusion of his direct appeal. The majority of courts of appeal have held that where a court, in ruling on a § 2255 motion, merely reinstates petitioner's right to file a direct appeal, any a subsequent § 2255 motion filed following the direct appeal will not be barred as a "second or successive" petition. See In re Olabode, 325 F.3d 166 (3d Cir. 2003); In re Goddard, 170 F.3d 435 (4th Cir. 1999); Shepeck v. United States, 150 F.3d 800, 801 (7th Cir. 1998) (holding that "an order granting a § 2255 motion and reimposing sentence [because counsel was ineffective in failing to file a direct appeal] resets to zero the counter of collateral attacks pursued"); United States v.

7

CONCLUSION

For the foregoing reasons, the motion [Doc. No. 1] is GRANTED in part and DENIED without prejudice in part. It is ORDERED that the petitioner's sentence be vacated and a new judgment imposing the same sentence, as reduced by the court's July 18, 2008, ruling, be entered in the petitioner's criminal case. The petitioner will have 10 days following the entry of judgment in which to file a notice of appeal.

SO ORDERED.

 /s/ Ellen Bree Burns, SUSDJ 
ELLEN BREE BURNS
SENIOR U.S. DISTRICT JUDGE

Dated at New Haven, Connecticut this 14th day of August, 2008.

---

Scott, 124 F.3d 1328, 1330 (10th Cir. 1997) ("[B]ecause of the unique situation presented when the granting of the prior [§ 2255] motion merely reinstated the right to a direct appeal, the first subsequent motion is not a second or successive motion under AEDPA."); McIver v. United States, 307 F.3d 1327 (11th Cir. 2002); but see United States v. Orozco-Ramirez, 211 F.3d 862 (5th Cir. 2000); Pratt v. United States, 129 F.3d 54 (1st Cir. 1997).